UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20815-CR-Seitz/Garber

UNITED STATES OF AMERICA,

v.

KERRY MICHAEL DEEVY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Patricia A. Seitz. Pursuant to such reference the Court has received the defendant's attorney's Application for Fees and Costs which he claims as an attorney appointed pursuant to the Criminal Justice Act (CJA). The undersigned is to determine the reasonableness of Mr. Wahid's claims.

## FACTUAL BACKGROUND AND DISCUSSION

The defendant Deevy was charged in 19 counts in an Indictment filed on November 29, 2011. The defendant Deevy and his fellow conspirators devised and utilized a scheme to defraud investors by obtaining money from potential business opportunity purchasers by making materially false statements and representations and concealment of material facts as to such investments. Several counts of the Indictment charge Deevy and others with wire and mail fraud in violation of 18 United States Code, Section 1341, by use of the United States Postal Service and a private and commercial interstate carrier. The Indictment sets forth a complex scheme which involved the defendant and others obtaining substantial sums of money through the execution of the scheme as set forth in the Indictment.

I met with Mr. Wahid, who appeared with his files in this cause. After discussions with Mr.Wahid and my examination of his files, it is apparent to me that he expended a great amount of time in preparation for the trial. It was estimated that the trial would require from 11 to 20 days. In order to prepare, he examined thousands of pages of documents and records provided in discovery. His task was made more difficult because the defendant, who was confined at the Federal Detention Center (FDC), suffered from epilepsy and experienced numerous seizures which, for a long period of time, affected his mental processes and ability to communicate with his attorney. Mr. Wahid met with the defendant numerous times at FDC requiring a substantial amount of time.

The Indictment sets forth offenses which are extremely complex because of the massive discovery provided by the government and the large number of victims of the scheme. Preparation for the trial required substantially more time than the average case thus making it a lengthy case. The defendant maintained his claim of innocence well into the case, thus requiring Mr. Wahid to prepare for trial. Extensive discovery was produced requiring a substantial amount of time in its examination and evaluation. As part of his trial preparation, Mr. Wahid conferred on numerous occasions with the defendant and attorneys for co-defendants. He also spent a great deal of time preparing for cross-examination of the government's trial witnesses by reviewing prior statements and possible impeachment matters. He also engaged in plea negotiations with the government on several instances, ultimately resulting in a very favorable disposition for the defendant.

The Criminal Justice Act supports the concept that counsel should be compensated reasonably and, if necessary, in excess of the cap, where counsel's work involved complex issues and the representation was lengthy. *United States v. Bailey*, 581 F.2d 984 (D.C. Cir. 1978); *United States v. Johnson,* 549 F. Supp. 78 (D.D.C). The district court has the power to assess reasonable

expenses and reasonable use of billable time. In order for an award of fees and costs to exceed the maximum permitted by statute, the court must certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). The court hereby finds that this cause was both "complex" and "extended."

The court must also find that the amount sought is necessary to provide counsel with fair compensation. It is therefore necessary to consider the claim now before the court to determine the reasonableness of the amounts claimed for legal services.

The only portion of the application that the undersigned finds to be troubling and excessive is the claim that Mr. Wahid expended 123.7 hours in obtaining and reviewing records, claiming $15,462.50 total for that work. Based upon a six hour day, this would mean that in excess of twenty days were spent in obtaining and reviewing records. The Court, based upon its experience and years of practice, finds such amount to be excessive. Such discovery could have been completed in eighty hours, thus making the claim for 123.7 hours excessive by 43.7 hours. Based upon an hourly rate of $125.00, the claim for obtaining and reviewing records must be reduced by $5,462.50. Having fully considered the remaining claims set forth in the application, the Court finds them to be reasonable and necessary.

Based upon the Court's consideration of this application and review of the record, Mr. Wahid conducted this defense in a highly professional manner and obtained an excellent result for the defendant. Although a guilty plea was entered by the defendant, the decision to plead guilty was reached only after counsel had expended great effort to prepare for trial.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above and based upon the Court's review of the record and the time expended in this cause, upon due and careful consideration. the undersigned respectfully

RECOMMENDS as follows:

1. That Mr. Wahid's Application for Fees and Costs be GRANTED in part.

2. That the total sought in the amount of $20,737.50 be reduced by $5,462.50 (the amount found to be excessive) for a **total award of $15,275.00** as and for reasonable attorney's fees and costs for legal services that were necessary.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with Senior United States District Judge Patricia A. Seitz. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 9th day of June 2015.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE